Access 123 v. Markey's Lobster Pool    CV-00-382-JD    08/14/01
                UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Access 123, Inc.
and Michael J. Muehe

     v.                              Civil No. 00-382-JD
                                     Opinion No. 2001 DNH 152
Markey's Lobster Pool, Inc.
D/B/A Markey's Lobster Restaurant


                            O R D E R


     Michael J. Muehe and Access 123, Inc. bring suit under Title
III of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §
12182, et seq., seeking injunctive relief, attorneys' fees, and
costs.  The plaintiffs allege that Markey's Lobster Restaurant
discriminates against Muehe and the members of Access 123 by
failing to provide listed accommodations for disabled patrons.
Markey's moves to dismiss the suit, or in the alternative for
summary judgment, on the ground that subject matter jurisdiction
is lacking because the plaintiffs do not have standing to bring
their claims.


                       Standard of Review

     Since Markey's filed materials extrinsic to the complaint in
support of its motion and the plaintiffs filed extrinsic
materials in response, the motion is treated as one for summary
judgment.  See, e.g., Watterson v. Page, 987 F.2d 1, 3-4 (1st

Cir. 1993).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The record evidence is construed in the light most favorable to the nonmoving party and all reasonable inferences are construed in that party's favor. See Mauser v. Raytheon Co. Pension Plan for Salaried Employees, 239 F.3d 51, 56 (1st Cir. 2001).

Background

Access 123, Inc. is a non-profit corporation organized under the laws of Massachusetts with its principal office in Cambridge, Massachusetts. Its members are individuals with disabilities protected by the ADA, including plaintiff Michael Muehe. The purpose of Access 123 is to advocate for compliance with the ADA on behalf of its members.

Muehe lives in Cambridge, Massachusetts. His sister lives in Merrimac, Massachusetts, near Seabrook, New Hampshire, where

2

Markey's is located.  Although an allegation may be inferred from his membership in Access 123 that Muehe is disabled within the meaning of the ADA, Muehe does not allege or explain in his affidavit the nature of his disability.[1]  Muehe visited Markey's on June 22, 2000, and alleges that he found the facility was not in compliance with the ADA due to its failure to provide accessible parking, signage, visual alarms, an accessible route from the parking area into the restaurant, accessible routes through the restaurant, accessible tables, accessible food service counters, and accessible restroom facilities.[2]  The plaintiffs contend that they have been and continue to be "denied the benefits of the services, programs and activities of the building and its facilities, and have otherwise been and continue to be discriminated against and damaged by Defendant, because of the Defendant's ADA violations set forth above."  Compl. ¶ 16.

---

[1]A letter from Muehe to Markey's, which is attached to Muehe's answers to interrogatories submitted by Markey's, indicates that Muehe is physically disabled from walking.

[2]The letter from Muehe to Markey's also explains that Muehe was not able to enter the restaurant because it was not accessible.  The plaintiffs have submitted a report prepared by William Norkunas, president of ADAhelp, Inc., who inspected the restaurant for ADA compliance and found violations both inside and outside the restaurant.

## Discussion

The plaintiffs, Muehe and Access 123, an individual and a non-profit corporation, respectively, seek a permanent injunction, pursuant to 42 U.S.C.A. § 12188(a)(2), to compel Markey's to alter its restaurant facilities to comply with certain ADA requirements. Markey's has moved for summary judgment, contending that the plaintiffs lack standing to bring their claim. In particular, Markey's argues that the plaintiffs cannot rely on a claim of past discrimination to show a current threat of harm and therefore cannot satisfy the standing requirements to obtain injunctive relief.

Standing under Article III of the Constitution raises a jurisdictional issue.[3]  See Vt. Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 771 (2000).  To establish Article III standing for injunctive relief, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it

---

[3]The parties have not suggested that the ADA imposes any additional burden on standing.  The court is satisfied that standing under the ADA depends upon compliance with only the minimum Constitutional requirements.  See, e.g., Liberty Resources, Inc. v. Southeastern Pa. Transp. Auth., 2001 WL 15960, at *5 (E.D. Pa. Jan. 5, 2001).

is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs (TOC), Inc.</u>, 528 U.S. 167, 180-81 (2000) (quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992)). An association has standing to sue in a representational capacity if at least one member would have standing to sue in his own right, if the asserted interests are germane to the association's purposes, and if neither the claim nor the relief requested would require individual participation by members. <u>See</u> <u>id.</u> at 181; <u>United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.</u>, 517 U.S. 544, 555 (1996); <u>Sea Shore Corp. v. Sullivan</u>, 158 F.3d 51, 55 (1st Cir. 1998).

To show an injury in fact, in the context of injunctive relief, plaintiffs must show an actual impending threat of harm. <u>See</u> <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-05 (1983). When the unlawful conduct alleged in the complaint is continuing, the court must evaluate the likelihood that the conduct will harm plaintiffs or that the plaintiffs' apprehension about harm is reasonable. <u>See</u> <u>Laidlaw</u>, 528 U.S. at 184. In the context of an ADA claim, plaintiffs "must at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers." <u>Steger v. Franco, Inc.</u>, 228 F.3d 889, 892 (8th Cir. 2000); <u>see also</u> <u>Dudley v. Hannaford Bros. Co.</u>,

5

146 F. Supp. 2d 82, 85-86 (D. Me. 2001); <u>Blake v. Southcoast Health Sys.</u>, 145 F. Supp. 2d 126, 132-35 (D. Mass. 2001).

Markey's argues that a single past incident of discrimination is insufficient to show a likelihood that the discrimination will be repeated. Markey's contends that the record shows that Muehe, who lives in Cambridge, Massachusetts, and Access 123 and its members, also located in Cambridge, are not likely to experience discrimination at Markey's restaurant in Seabrook, New Hampshire. Markey's does not demonstrate or even argue that any of the ADA violations alleged in the complaint have been remedied.

The record demonstrates that Muehe visited Markey's restaurant in Seabrook once, on June 22, 2000, and that he has not returned. Because of a lack of parking spaces for the disabled and the lack of an accessible route into the restaurant, Muehe was not able to enter the restaurant. Muehe stated in answers to interrogatories that he has visited Seabrook Beach approximately three times in the past ten years and that he has visited Merrimac, Massachusetts, where his sister lives, which is within fifteen miles of Seabrook, numerous times. Although he has not been to Seabrook in the past year and has no present plans to return to Seabrook, he has visited Merrimac numerous times and will continue to visit there. Muehe states in his

affidavit that he and his sister go out to eat when he visits, although they do not make plans more than a week in advance. He also states that he would return to Markey's if the building were accessible to him.

Based on the present record, it is undisputed that Muehe is aware of the barriers in accessing Markey's from the parking area, which he experienced when he visited on June 22, 2000, and which had not been remedied by August 9, 2000, when the complaint was filed. In fact, Markey's does not suggest that it has or intends to remedy any of the cited barriers at its restaurant. It is also undisputed that Muehe visits his sister in Merrimac and frequently goes to restaurants in the New Hampshire seacoast area near Seabrook where Markey's is located. Muehe states he would return to Markey's if the barriers were removed.[4] The record, therefore, demonstrates an actual injury for purposes of Article III standing.

There is no dispute that the injury Muehe claims is traceable to the barriers existing at Markey's restaurant. The third element of standing, redressability, requires that the

---

[4]The ADA does not require disabled individuals to engage in a futile gesture by trying to access a building where barriers are known to exist and the owner does not intend to comply with ADA provisions. See 42 U.S.C.A. § 12188(a)(1); see also Steger, 228 F.3d at 892.

7

relief the plaintiff seeks will remedy the injury claimed. To the extent Muehe seeks injunctive relief aimed at his own disability, he has standing to assert his claim, but he lacks standing to seek injunctive relief for other ADA violations. See Steger, 228 F.3d at 893-94. Although Muehe did not enter the restaurant, and therefore did not experience any of the alleged barriers existing inside, he is aware of the conditions in the restaurant and need not experience them to seek relief. See id. at 894.

Since Muehe is a member of Access 123, his standing satisfies the first element necessary for Access 123 to have representational standing.[5] There is little evidence that any other members of Access 123 have been injured or are immediately threatened with injury due to the noncompliant conditions at Markey's. None of the other members submitted affidavits. The record shows that no other members have ever visited Markey's. Although Muehe stated in answers to interrogatories that no Access 123 member would enter Markey's until the ADA violations were fixed but that they would visit the restaurant if the barriers were remedied, that statement is hearsay.

---

[5]The analysis for representational standing is applicable to non-profit corporations, such as Access 123. See, e.g., N.Y. State Club Ass'n, Inc. v. City of New York, 487 U.S. 1, 8-9 (1988).

Access 123 bears the burden of providing a sufficient factual basis for standing. See United States v. AVX Corp., 962 F.2d 108, 114 (1st Cir. 1992). Access 123 has not demonstrated that any member, other than Muehe, would have standing to bring the same ADA claims against Markey's. Therefore, Access 123's representational standing is based on Muehe's injury alone. See United Food, 517 U.S. at 555.

Access 123's purpose, stated in its Articles of Organization, is to advocate to have individuals and entities fulfill their ADA obligations so that disabled persons will have access to places of public accommodation. The interests asserted in the complaint, seeking compliance with ADA access requirements, are germane to Access 123's purpose. The injunctive relief sought will not require participation by individual members.

Access 123 has satisfied Article III standing requirements to assert its claims on behalf of Muehe. In addition to constitutional requirements, however, courts consider prudential limitations on the exercise of jurisdiction, including the "general prohibition on a litigant's raising another person's legal rights." Allen v. Wright, 468 U.S. 737, 751 (1984). Courts also "limit access to the federal courts to those litigants best suited to assert a particular claim." Gladstone,

9

<u>Realtors v. Village of Bellwood</u>, 441 U.S. 91, 100 (1979).

In this case, Access 123 is merely repeating the claims brought by Muehe, himself.  Muehe appears to be the better party to assert his own claims.  Therefore, Access 123 lacks standing to assert claims on Muehe's behalf, and lacks standing to assert claims on behalf of its other members.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 20) is granted as to plaintiff Access 123 but is denied as to plaintiff Muehe.  Therefore, Muehe is the only remaining plaintiff in this case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

August 14, 2001

cc:  Stanley W. norkunas, Esquire
     M. Elaine Beauchesne, Esequire

10